**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JOSHUA S. ATKINS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 24-00410-KD-B |
| | * | |
| RICHARD FAIRBANKS d/b/a | * | |
| CAPITAL ONE, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Upon consideration of the record, the Court finds that it cannot properly evaluate Plaintiff's claims because his state court complaint fails to provide adequate notice of the claims being asserted and the grounds on which they rest. Therefore, the undersigned recommends, for the reasons stated herein, that Plaintiff's complaint be **DISMISSED without prejudice** on shotgun pleading grounds, that Plaintiff be granted leave to file an amended complaint that complies with federal pleading standards and provides fair notice of his claims, and that Defendant's motion to dismiss or for more definite statement (Doc. 3) be **DENIED without prejudice as moot**.

### I.   BACKGROUND

On October 23, 2024, Plaintiff Joshua S. Atkins ("Atkins"), who is proceeding without an attorney, commenced this action by filing a form complaint in the District Court of Mobile County,

Alabama, Small Claims Division.  (Doc. 1-1 at 2-3).  In the form complaint, Atkins names "Richard Fairbank DBA Capital One" as the defendant and claims "the defendant owes the plaintiff the sum of $1500.00 because: FCRA violation."  (Id. at 2).[1]

On November 8, 2024, Defendant Capital One, N.A. ("Capital One")[2] removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.[3] (Doc. 1).  On November 15, 2024, Capital One filed a motion to dismiss Atkins' complaint, or in the alternative, a motion for more definite statement, along with a supporting memorandum.  (Docs. 3, 3-1).  In the motion, Capital One argues that Atkins' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Atkins "has failed to plead sufficient facts to demonstrate that Capital One engaged in any conduct prohibited by the" Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  (Doc. 3-1 at 3-5).  Alternatively, Capital One asserts that "if the Complaint is not dismissed outright, [Atkins] should be required to file a more

---

[1] Atkins also claims entitlement to court costs in the amount of $78.54.  (Doc. 1-1 at 2).

[2] Capital One states that it was "improperly named as Richard Fairbank d/b/a Capital One" in Atkins' complaint.  (Doc. 1 at 1; Doc. 3 at 1; Doc. 3-1 at 1).

[3] Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

definite statement that complies with the federal pleading standards." (Id. at 5).

## II.  DISCUSSION

Having reviewed Atkins' state court complaint *sua sponte*, the undersigned finds that it fails to comply with federal pleading standards, and that the Court cannot adequately address the merits of Atkins' putative claim(s) or Capital One's arguments for dismissal until Atkins has cured his pleading deficiencies.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557).

The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (quotation omitted).  Relatedly, Federal Rule of Civil Procedure 10(b) mandates that a plaintiff state his allegations "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity."  Fed. R. Civ. P. 10(b).  Although no technical pleading form is required, each allegation in a complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

These rules "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]"  <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).  Complaints that violate Rules 8 and 10 are "disparagingly referred to as 'shotgun pleadings.'"  <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015).  The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the

defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

When presented with a shotgun pleading, "the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006). "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018). "[I]f the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" Id. at 1295 (citation omitted).

In this case, it is obvious that Atkins' state court complaint fails to comply with the pleading standards described above. Far from alleging sufficient factual matter to state a plausible claim for relief, Atkins' complaint consists solely of a naked conclusion: that the defendant owes him $1,500 because of an FCRA violation. (See Doc. 1-1 at 2). This bare and conclusory statement, standing alone, is utterly insufficient to provide adequate notice of what Atkins is claiming and the factual grounds on which his legal claim(s) rest. More particularly, Atkins fails

to specify which section(s) of the FCRA the defendant is alleged to have violated, or what the defendant allegedly did to violate the FCRA.  See, e.g., Glanzer v. Bank of Am., N.A., 2014 U.S. Dist. LEXIS 162624, at *46, 2014 WL 6604788, at *18 (W.D. Mo. Nov. 20, 2014) (noting that "various violations of the Fair Credit Reporting Act" alleged by the plaintiff each required "proof of different elements and different types of misconduct").  Atkins' complaint also fails to clearly identify the defendant(s).  Specifically, it is not clear whether, in addition to suing Capital One, Atkins intended to sue its CEO, Richard Fairbank, individually.

To be sure, the Court must liberally construe Atkins' *pro se* pleading.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, it cannot act as counsel for Atkins or rewrite his otherwise deficient pleading in order to sustain this action.  See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).  As a *pro se* litigant, Atkins is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  And even under the most liberal construction possible, Atkins' complaint cannot be construed as anything other than utterly deficient.

The undersigned finds that the pleading issues described above frustrate the Court's ability to determine exactly what claim(s) Atkins is making against the defendant(s) and whether

Atkins can state a claim upon which relief can be granted.  In light of the obviously deficient nature of Atkins' state court complaint, the Court finds that dismissal for failure to state a claim is inappropriate at this time.  Specifically, the Court finds that Capital One's motion to dismiss should be denied without prejudice to its ability to reassert the arguments therein, because the complaint is due to be dismissed *sua sponte* as an impermissible shotgun pleading.  See <u>Bonczyk v. Levene</u>, 2020 U.S. Dist. LEXIS 182516, at *4, 2020 WL 5803057, at *2 (M.D. Fla. May 6, 2020) (finding *sua sponte* that the complaint was a shotgun pleading that made it extremely difficult to understand the claims asserted against Defendants or make sense of the pending motions to dismiss and responses thereto, and denying the motions to dismiss as moot, dismissing the complaint without prejudice, and directing plaintiff to file an amended complaint in compliance with Rules 8 and 10); <u>Boardwalk Fresh Burgers & Fries, Inc. v. Wang</u>, 2020 U.S. Dist. LEXIS 258848, at *5, 2020 WL 10319160, at *2 (M.D. Fla. Nov. 9, 2020) (denying motion to dismiss without prejudice, *sua sponte* dismissing complaint as a shotgun pleading, and granting leave to file amended complaint that was not a shotgun pleading); <u>Myers v. Countrywide Home Loans</u>, 2010 U.S. Dist. LEXIS 156277, at *5, 2010 WL 11647455, at *2 (N.D. Ga. May 26, 2010) (*sua sponte* striking complaint as a shotgun pleading, directing plaintiff to file an amended complaint that complies with Rules 8(a) and 10(b), and

recommending that defendant's motion to dismiss be denied as moot), report and recommendation adopted, 2010 U.S. Dist. LEXIS 156279, 2010 WL 11647457 (N.D. Ga. Sept. 2, 2010).

Atkins is hereby informed that any amended complaint he files in this action must conform to Rules 8 and 10 of the Federal Rules of Civil Procedure and must address and correct the pleading deficiencies noted in this order. This includes: (1) identifying his pleading as an amended complaint; (2) identifying the grounds for this Court's jurisdiction and alleging facts that show the existence of federal subject matter jurisdiction; (3) clearly identifying each intended defendant; (4) stating his allegations in numbered paragraphs, each limited as far as practicable to a single set of circumstances; (5) stating each cause of action or claim for relief in a discrete count, and specifically identifying the cause of action or claim for relief being asserted in each count; (6) providing the specific factual grounds upon which each cause of action or claim for relief is based, and clearly indicating which facts are intended to support which causes of action or claims for relief (to the extent more than one cause of action or claim for relief is asserted); (7) specifying the conduct that each defendant is alleged to have engaged in with respect to each cause of action or claim for relief asserted against that defendant (to the extent more than one defendant is named); and (8) specifying the relief he seeks.

### III. <u>CONCLUSION</u>

Accordingly, the undersigned recommends that Atkins' complaint (Doc. 1-1 at 2-3) be **DISMISSED without prejudice** on shotgun pleading grounds, that Capital One's motion to dismiss or for more definite statement (Doc. 3) be **DENIED without prejudice as moot**, and that Atkins be **GRANTED LEAVE** to file an amended complaint that presents his claims for relief with sufficient clarity to permit the Court to clearly identify each claim being raised against each defendant <u>and</u> the factual basis for each claim raised against each defendant.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.

9

In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **November, 2024.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**